IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHANDRA LYONS J. JACKSON                                    PLAINTIFF

            v.                    Civil No. '2 - 2 2/7

GINA LEON, Adjuster, Liberty Mutual;
DIANE DAY, Adjuster, Liberty Mutual;
CHAROLETTE MITCHELL; LIBBY
(Last Name Unknown), TEC NURSE;
BUD (Last Name Unknown) TEC WORKERS
COMPENSATION SUPERVISOR; and
DR. JEFFREY EVANS, Cooper Clinic                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Chandra Jackson, has submitted this *pro se* action against individuals involved

in assessing an on-the-job injury and in processing her workers compensation claim. Plaintiff has

also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file**

**the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in

which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case

if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may

be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, on July 15, 2012, while she was working at

OK Foods, Plaintiff tripped on a pallet causing her to fall onto a concrete floor. Plaintiff

immediately went to the nurse's station. Plaintiff alleges she was injured from her chest down, had

-1-

a knot in the middle of her left leg, and pain in her back. Plaintiff was "treated lightly" and sent home.

The following day, Plaintiff went to the emergency room because "of all the pain." She indicates she could not walk and had to "hop" using a cane. When she left the hospital, Plaintiff went by TEC Staffing Services, her employer, to make sure they were notified of her on-the-job injury. Plaintiff maintains she did not received adequate medical care and her workers compensation claim was not handled properly.

## Discussion

While Plaintiff would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s]' from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382) (alteration in original)).

First, to the extent Plaintiff is attempting to assert a civil rights claim against Defendants, the claims fail. Defendants are private parties who are not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant

-2-

acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Defendants did not act under color of law when assessing Plaintiff's injury and her benefits, if any, under workers' compensation law.

Second, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Plaintiff resides in Fort Smith, Arkansas, and indicates several of the Defendants are also from Fort Smith, Arkansas. Complete diversity of citizenship does not exist. *See e.g, Triple H Debris Removal, Inc. v. Companion Property and Cas.*, 560 F.3d 881, 883-84 (district court has jurisdiction to try a state workers' compensation claim only if complete diversity of citizenship exists).

### Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **20** day of September 2012.

*gmarschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-3-

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 2 0 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

AO72A
(Rev. 8/82)